Alfred Campbell v. Commissioner.
Campbell v. Commissioner
Docket No. 35344.
United States Tax Court
1953 Tax Ct. Memo LEXIS 203; 12 T.C.M. (CCH) 699; T.C.M. (RIA) 53218; June 19, 1953
Thomas R. McAllister, Esq., for the petitioner. Peter K. Nevitt, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner determined deficiencies in income tax of $197 for 1948 and $233.40 for 1949. The only issue for decision is whether the petitioner furnished over half of the support of his two minor sons Richard and Thomas Campbell for 1948 and 1949. Findings of Fact The petitioner resided in Michigan during the taxable years here involved. The returns for the years involved were filed with the collector for the district of Michigan at Detroit, Michigan. Petitioner in his income tax returns for said years named Richard and Thomas Campbell as dependents and reduced his gross income accordingly. Petitioner was divorced from his wife, Ada Campbell, *204 in 1947. Their two children, Richard and Thomas, who were aged 15 and 3, respectively, in 1948, lived with their mother throughout 1948 and 1949. Under the decree of divorce, petitioner was directed to pay $10 per week for the support of each child. Petitioner has been in arrears in these payments since the time of the divorce. During the years 1948 and 1949 petitioner paid to the Friend of the Court $872.76 and $1,095, respectively, which amounts were turned over to Ada Campbell. In 1948 petitioner gave Richard a pair of dungaree trousers and a jacket and gave Thomas a scooter in 1948 or 1949. Petitioner did not expend any other money for the support of his children during 1948 or 1949. Ada earned $2,979.96 and $2,946 during 1948 and 1949, respectively, by teaching school and by working in a grocery store in the summertime. Ada paid for her children's food, clothing, shelter, medical expenses and for Thomas' day care, which was $10 per week. She lived frugally, wearing clothes which were given to her, taking her lunch to school with her, and walking the mile to and from school when she did not have a ride. She did not accumulate any savings during 1948 or 1949. With the exception *205 of minor items for her personal needs, she spent her entire income on her household and children. Ada spent $2,287.60 in 1948 and $2,195.17 in 1949 for the support of her two children. The expenditures by Ada constituted more than one-half of the support of the two children. Petitioner furnished less than one-half of the support of Richard and Thomas Campbell in the taxable years 1948 and 1949. Opinion The petitioner's sole contention is that he furnished more than one-half of the support of his two minor sons in the taxable years 1948 and 1949 and should be allowed dependency credits for them. This issue presents two questions. The first question is what amount petitioner contributed to support the two children, and the second question is whether this amount constituted more than one-half of the support of the children as required by section 25, Internal Revenue Code. The record discloses petitioner was in arrears on the support payments for his children from the time of the divorce in 1947. He has made no attempt to show what portion of the amount paid in 1948 and 1949 was for past support of his children and what was for current payments. We held *206 in Thomas and Clara E. Lovett, 18 T.C. 477, that arrearages of a prior year paid by a divorced husband to his former wife under court order for support of minor children are not part of support for the current year. In the light of the record before us, and in view of the holding in the Lovett case, we are unable to determine that the amounts the petitioner paid during the current years were for support of his children in those years. Even if we were to assume that the payments of $872.76 and $1,095 were for support for 1948 and 1949, we could not hold for petitioner as these amounts do not constitute more than one-half the support of his two minor children in the years 1948 and 1949. The action of respondent is sustained. Decision will be entered for the respondent.